UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                             No. 2:19-CR-20037

ANTHONY BOEN                                                                                DEFENDANT

## OPINION AND ORDER

Before the Court is the Government's motion and brief (Doc. 27) to quash several ex parte subpoenas for documents issued by Defendant Anthony Boen. The Government filed a supplement (Doc. 28), and Defendant filed a response (Doc. 31). On August 4, 2020, the Court held a hearing using videoconferencing software. As stated at the hearing, the motion will be granted.

Federal Rule of Criminal Procedure 17 controls the use of subpoenas in federal criminal proceedings. Rule 17(c) permits subpoenas duces tecum to be issued to witnesses to require them "to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). While Rule 17(b) allows ex parte subpoenas to issue commanding the presence of a witness at trial, Rule 17(c) is silent on whether subpoenas duce tecum may issue ex parte. This Court's local rules and the scheduling order in this case also leave unclear whether Rule 17(c) subpoenas may be issued ex parte. Recognizing that learning the Court's preference on procedure was advisable, Defense counsel contacted the Court's law clerk, whose guidance (ambiguous at best, and where not ambiguous, incorrect) led Defense counsel to believe not only that Rule 17(c) subpoenas could issue ex parte, but that they could issue without a prior order from the Court. Following issuance of the subpoenas, witnesses to whom they were issued disclosed them to the Government, which filed the instant motion.

Briefing on the motion cites to the case *United States v. Fox*, 275 F.Supp.2d 1006 (D. Neb. 2003). The Court is persuaded that the law set out in that opinion, and in the authorities cited therein, controls the procedure that should govern the subpoenas issued in this case. Rule 17(c) subpoenas duces tecum may not issue on ex parte application, and may be issued only pursuant to a court order. The Court may require information produced in response to a subpoena duces tecum to be produced to the Court, which may permit inspection by the parties.

Simple modification of the subpoenas issued in this case to conform them after the fact to this procedure is impracticable, however. The subpoenas (Docs. 27-1, 28-1) are substantively overbroad in scope and time. On their face, they command from witnesses all information from the last five years that might be even tenuously related to communications with, or about, Defendant. They also command identification of social media and electronic communication accounts used by witnesses, phone bills from witnesses, and production of various other social media and electronic communications. Subpoenas duces tecum "must identify the documents with adequate specificity and show that the documents are relevant and admissible." *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015). Rather than attempt to narrow the scope, the Court will quash these subpoenas and allow Defendant to file a motion requesting new subpoenas that identify with sufficient specificity relevant, admissible documents.

The Court will command in camera production of some information that has been identified during the pendency of this motion, however. The Government previously produced to Defendant a copy of a screenshot (Doc. 31-1) of a portion of electronic communication that occurred on Facebook Messenger between "Kaleb," "Jason," "Jeremy," and "Jimmy." The excerpt[1] apparently

---

[1] The Court did not determine at the hearing whether the copy of the screenshot was provided by the witness, or instead whether the Government made the copy.

was provided to the Government by a witness in this case who represented that he believed he might be the subject of witness intimidation directed at him by Defendant. The Government ultimately did not pursue that matter, and its position is that the message does not appear to be relevant, but was provided to Defendant out of an abundance of caution because the message had been provided to the Government.

The primary problem facing the Court—and perhaps facing the Government, if it has seen no more than the screenshot produced to Defendant—is that only a portion of a message is currently in the Government's possession and has been provided to the Defendant. In federal criminal proceedings, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Federal Rules of Evidence recognize that excerpts of writings or recorded statements may be taken out of context or may be misleading, and allow the introduction of other parts of a writing or recorded statement, or even other writings or recorded statements, "that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Without the context provided by the full Facebook Messenger communication involving those participants, neither the Court nor the parties can determine whether or not the communication at issue is relevant.

At the hearing, the Government agreed to attempt to obtain the rest of that message from the witness, and to provide it to the Court for in camera review if it can be obtained that way, or to notify the Court if it cannot be. To the extent the Government has other means of obtaining the same information more rapidly or practically than it can be obtained through a subpoena issued by this Court (whether by obtaining it from other witnesses who might have been involved in the Facebook Messenger communication, or otherwise), it is also encouraged to rely on those means.

If the Government is unable to obtain the information without the use of a subpoena issued by this Court, then a subpoena is very likely to issue.

IT IS THEREFORE ORDERED that the motion to quash (Doc. 27) is GRANTED, and the subpoenas issued by Defendant are quashed.

IT IS FURTHER ORDERED that the Government make the in camera production described herein, or file a response to this order demonstrating that that production cannot be accomplished, by August 10, 2020.

IT IS SO ORDERED this 4th day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE