IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.                           CASE NO. 2:19-CR-20037-001

ANTHONY BOEN                                                     DEFENDANT

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

**COMES NOW** the Defendant, Anthony Boen, by and through his attorney, Wood Law Firm, and for Defendant's Response to Plaintiff's Motion in Limine states:

1. The Government's Motion in Limine largely recites the Federal Rules of Evidence and case law supporting their assertions. To the extent that the Government cites the Federal Rules of Evidence, the Rules speak for themselves and the Defendant does not object to them or the applicability as stated by the United States, aside from specific objections lodged herein.

2. The Government has raised five points in their Motion in Limine and has asked the Court: (1) to prohibit the Defendant from introducing his own statements through other witnesses or eliciting them on cross examination of Government witnesses; (2) to prohibit reference to the Government's failure to call equally available witnesses; (3) to exclude references to or evidence of bad character and conduct of Government witnesses, apart from evidence offered to show untruthfulness; (4) to exclude any reference to or evidence of the alleged victims' bad character, criminal history, or bad acts, apart from their status as pretrial detainees at the time of the events at issue in this case; (5) to exclude evidence of defendants' general good conduct and character; and (6) prohibit any argument that the Government must prove "serious" bodily injury.

1

3. The Defendant agrees that Rule 801(d)(2) precludes the defendant from putting his out-of-court statements before the jury without taking the stand and subjecting them to cross-examination. As such, the Defendant cannot seek to introduce statements from eliciting them through a defense witness or by cross-examining a Government witness.

4. To the extent that the Government plans to introduce statements, either written or recorded, made by the Defendant, the Defendant disagrees with the Government's contention that there is a flat prohibition on the introduction of statements made by the Defendant. The Rule of Completeness does allow introduction "of any other part . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

5. However, since the Defendant, at this point in time, does not know specifically what the Government seeks to introduce, the Defendant disagrees with any flat prohibition on the introduction of other parts of a recorded conversation.

6. The Government also seeks to prohibit reference to the Government's failure to call equally available witnesses. The Government has cited no rule of Evidence that would prohibit any statements being made about the failure to call witnesses. The cases cited by the Government only refer to jury instructions. As such, the Defendant objects to this request by the Government.

7. Next, the Government seeks to exclude references to or evidence of bad character and conduct of Government witnesses, apart from evidence offered to show untruthfulness. The Defendant agrees that character evidence, aside from that which is offered to show untruthfulness, is not allowed.

8. The Defendant does not intend to introduce or reference the disciplinary records, disciplinary history, or other extrinsic evidence of bad acts by any government witness.

9. The Defendant agrees that Rule 404(b) specifically precludes the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Furthermore, the Defendant agrees with the Government's statement that the rule allows the introduction of such evidence when it is offered "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

10. The Defendant does not agree that none of the other purposes such as motive, intent or opportunity apply. As such, the Defendant does object to a blanket prohibition against the admission of evidence of other crimes, wrong or acts. Two of three alleged victims were routinely in the Franklin County Sheriff's Office and had multiple run ins and interactions with the Defendant. As such, evidence of other crimes or wrongs could be used specifically to show animus towards the Defendant, and thus a motive, intent or opportunity.

11. The Defendant agrees with the Government's statements in regard to Rule 609. The Defendant does not intend to introduce evidence regarding misdemeanors unless they involve a dishonest act or a false statement. Any evidence regarding felonies will be introduced as provided by the Rules of Evidence.

12. The Defendant agrees Rule 404(a)(2) carves out narrow exceptions to the general ban on character evidence by allowing evidence in a criminal trial that relates to a "pertinent trait of character." Fed. R. Evid. 404(a)(2). The Defendant disagrees with a blanket prohibition of the introduction of any character traits based on the Government's allegations that the Defendant cannot meet any pertinence test.

13. The Defendant agrees that character for truthfulness can only be attacked upon the testimony of the party. However, to the extent that an alleged victim intends to testify, the

Defendant strenuously disagrees that the alleged victims' criminal history, prior disciplinary infractions, and any underlying misconduct, even if deemed otherwise admissible, should be excluded due to lack of probative value.

14.     The Defendant does not intend to introduce any evidence of the victims' specific acts of bad conduct, aside from those that show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," and those deemed admissible under Rule 609.

15.     The Defendant intends to introduce evidence of a person's character to prove that the person acted in conformity with that character under Fed.R.Evid. 404(a)(1), (b)(1). The Defendant was a law enforcement officer at the time of the JP incident and the force he used was justified under the circumstances.

16.     The Defendant objects to the Government's assertion that Fed.R.Evid. 404(a)(1), (b)(1) precludes the Defendant from introducing evidence of good character. Any evidence offered by the Defendant will be "pertinent" to the issues before the jury.

17.     The Defendant does not intend to claim that the proper legal standard is "serious bodily injury."

THEREFORE, the Defendant respectfully requests that the Court deny the Government's Motion in Limine in part; and all other proper relief.

**RESPECTFULLY SUBMITTED**

Russell A. Wood
Bar Number: AR#2001137; TN#23102
Attorney for: Anthony Boen
Law Firm Name: WOOD LAW FIRM, P.A
Law Firm Address:  501 East 4th St., Ste. #4
City:   Russellville, AR 72801
Phone Number:  (479) 967-9663
E-mail: woodlaw@suddenlinkmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

**Brandon Carter**
**Brandon.T.Carter@usdoj.gov**

**Michael Songer**
**Michael.songer@usdoj.gov**

I hereby certify that on this 12th day of July, 2021, I presented the foregoing to the Clerk of the Court for filing using the CM/ECF system, and I mailed the documents by United States Postal Service to the following non CM/ECF participants:

None

Russell A. Wood
Bar Number: AR#2001137; TN#23102
Attorney for: Anthony Boen
Law Firm Name: WOOD LAW FIRM, P.A
Law Firm Address:  501 East 4th St., Ste. #4
City:   Russellville, AR 72801
Phone Number: (479) 967-9663
E-mail: woodlaw@suddenlinkmail.com