**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**UNITED STATES OF AMERICA**                                                                                  **PLAINTIFF**

**V.**                          **CASE NO. 2:19-CR-20037-TLB**

**ANTHONY BOEN**                                                                                                      **DEFENDANT**

**CONSOLIDATED ORDER ON MOTIONS IN LIMINE**

Before the Court are two motions in limine:  (1) a Motion in Limine (Doc. 54) filed by Defendant Anthony Boen and (2) an Omnibus Motion in Limine (Doc. 55) filed by the Government.  Mr. Boen's Motion sets forth approximately 30 separate issues, and the Government's Motion raises another 15 issues.  The Court heard argument on these Motions during the pretrial conference on July 23, 2021, and made its rulings from the bench.  This Order memorializes the Court's decisions on each of the outstanding issues raised in the Motions.  To the extent there is any discrepancy between this Order and the Court's statements from the bench, this Order controls.  The Court's rulings begin on the next page.

1

| Mr. Boen's Motion in Limine (Doc. 54) | | |
|---|---|---|
| # 1 | Motion to Exclude Prior Bad Acts Evidence | **GRANTED IN PART, DENIED IN PART** |

Mr. Boen seeks to exclude any Rule 404(b) evidence from the Government because no notice has been provided pursuant to Rule 404(b)(2)(A).

The Government says it does not intend to call 404(b) witnesses in its case-in-chief. The only 404(b) evidence that the Government is aware of is a prior assault by Mr. Boen on Toby Yancy in the back of a patrol vehicle, and the Government reserves its right to introduce this evidence on rebuttal. The Government says that it provided all evidence relating to this incident to Mr. Boen on May 12, 2020.

**The parties agree that the Government will not present Rule 404(b) evidence of Mr. Boen's prior bad acts in its case-in-chief. Accordingly, the Government may not introduce such 404(b) evidence during its case-in-chief, but the Government may attempt to introduce such evidence on rebuttal or for impeachment purposes. The Government should approach the bench before discussing such evidence.**

| # 2 | Motion to Exclude Extrinsic Character Evidence | **DENIED AS IMPROPER** |
|---|---|---|

Mr. Boen seeks an order preventing the Government from introducing extrinsic evidence of specific bad acts by Mr. Boen.

The Government agrees that Rule 608 prohibits the admission of extrinsic evidence of character.

**Since this Motion does not identify which specific extrinsic evidence is at issue, the Court denies it as an improper and premature motion in limine.**

| # 3 | Motion to Exclude Hearsay | **DENIED AS IMPROPER** |
|---|---|---|

Mr. Boen seeks an order preventing the Government from introducing hearsay testimony.

The Government agrees that hearsay is not admissible, and also notes that Mr. Boen cannot admit his own out-of-court statements under Rule 801(d)(2).

**Since this Motion does not identify a declarant(s) or an out-of-court statement(s) at issue, the Court denies it as an improper and premature motion in limine.**

| # 4 | Motion to Exclude Speculation by Lay Witnesses | **DENIED AS IMPROPER** |
|---|---|---|
| \multicolumn{3}{l}{Mr. Boen seeks an order preventing the Government from introducing speculative evidence by lay witnesses.<br><br>The Government agrees that lay witness testimony must be based upon perception.<br><br>**Since this Motion does not identify the speculative testimony at issue, the Court denies it as an improper and premature motion in limine.**} |
| # 5 | Motion to Exclude Irrelevant and Prejudicial Testimony | **DENIED AS IMPROPER** |
| \multicolumn{3}{l}{Mr. Boen argues that all irrelevant and unfairly prejudicial evidence should be deemed inadmissible.<br><br>The Government agrees that the Federal Rules of Evidence apply to this case.<br><br>**Since this Motion does not identify specific evidence that is considered irrelevant under Rule 401 and/or an analysis of why such evidence would be unfairly prejudicial under Rule 403, the Court denies it as an improper and premature motion in limine.**} |
| # 6(A) | Motion to Exclude Evidence of Shackling | **DENIED** |
| \multicolumn{3}{l}{Mr. Boen argues that any references to shackling and chaining inmates to a bench are irrelevant.<br><br>The Government says this evidence is relevant to the question of reasonable force.<br><br>**The Court denies this Motion. The manner in which Z.G. was affixed to the bench where the alleged deprivation of rights occurred is part of the *res* of Count Three. While the evidence may be prejudicial, it is probative of the elements of the crime charged and is not *unfairly* prejudicial. Mr. Boen may object at trial if the Government makes gratuitous references to shackling or chaining of inmates.**} |
| # 6(B) | Motion to Exclude Evidence of the Booking Room | **DENIED AS MOOT** |
| Mr. Boen argues that any reference to the booking room being used to house inmates is irrelevant.<br><br>The Government says it does not intend to refer to or present such evidence. |

| | | |
|---|---|---|
| **Since the Government does not intend to introduce such evidence, the Court denies the Motion as moot.** | | |
| # 6(C) | Motion to Exclude Evidence Related to Keith English | **DENIED AS MOOT** |
| Mr. Boen argues that any testimony from Keith English is hearsay and speculation.<br><br>The Government does not intend to call Keith English.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(D) | Motion to Exclude Evidence Related to Mitchell Salito | **DENIED AS MOOT** |
| Mr. Boen argues that any references to Mitchell Salito are irrelevant.<br><br>The Government says it is unaware of Mitchell Salito and does not intend to solicit any testimony about him.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(E) | Motion to Exclude Evidence Related to Terry Harris | **DENIED AS MOOT** |
| Mr. Boen argues that any rumors and testimony about Terry Harris are speculation and irrelevant.<br><br>The Government says it is unaware of any such rumors and does not intend to solicit such testimony.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(F) | Motion to Exclude Testimony by Mason Berry Regarding Preferential Treatment to Jail Trustees | **DENIED AS MOOT** |
| Mr. Boen argues that any testimony from Mason Berry about Mr. Boen providing preferential treatment to jail trustees is speculative, inadmissible extrinsic character evidence, and irrelevant.<br><br>The Government says it does not intend to introduce such evidence. | | |

| | | |
|---|---|---|
| **Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(G) | Motion to Exclude Testimony by Mason Berry Regarding Mr. Boen's Illegal Activities | **DENIED AS MOOT** |
| Mr. Boen argues that any testimony by Mason Berry about Mr. Boen being involved in drug trafficking is irrelevant and prejudicial.<br><br>The Government says it does not intend to introduce such evidence in its case-in-chief.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(H) | Motion to Exclude Evidence Regarding Johnathan Davis | **DENIED AS MOOT** |
| Mr. Boen argues that any testimony from Mason Berry or Johnathan Davis about Mr. Boen allowing an inmate to beat up Johnathan Davis is irrelevant, speculation, and hearsay.<br><br>The Government says it does not intend to introduce such evidence during trial.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(I) | Motion to Exclude Evidence of the Nurse's Office | **DENIED AS MOOT** |
| Mr. Boen seeks to exclude as irrelevant any evidence about using the nurse's office for file storage.<br><br>The Government says it does not intend to introduce such evidence during trial.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(J) | Motion to Exclude Testimony from Sarah Capp | **DENIED AS MOOT** |
| Mr. Boen seeks to exclude any testimony by Sarah Capp regarding jail trustees exchanging pictures of Zach Greene's victim as irrelevant and speculative.<br><br>The Government says it does not intend to introduce such evidence during trial. | | |

| | | |
|---|---|---|
| | **Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | |
| # 6(K) | Motion to Exclude Testimony by Steve Greene | **DENIED AS MOOT** |
| | Mr. Boen seeks to exclude as hearsay any testimony by Steve Greene about Mr. Boen beating up Zach Greene. The Government says it is unaware of such statements and does not intend to introduce them at trial. **Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | |
| # 6(L) | Motion to Exclude Testimony by Carolyn McCain | **DENIED AS PREMATURE** |
| | Mr. Boen seeks to exclude testimony from Carolyn McCain as hearsay, unduly prejudicial, and irrelevant. The Government opposes this motion. Ms. McCain has direct knowledge of the events charged in the Indictment; she apparently served as Chief Deputy Sheriff. **The Court denies this Motion as premature. The Court will enforce the Rules of Evidence at trial. The Government must lay a Rule 602 foundation for Ms. McCain's testimony. At trial, the Court will also consider any timely relevancy objections to Ms. McCain's testimony.** | |
| # 6(M) | Motion to Exclude Testimony by Jordan Medlock | **DENIED AS MOOT** |
| | Mr. Boen seeks to exclude testimony by Jordan Medlock as hearsay, prejudicial, and irrelevant. The Government says it is unaware of such statements and does not intend to introduce them at trial. **Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | |

| # 6(N) | Motion to Exclude References to the Cody Franklin Lawsuit | **UNDISPUTED** |
|---|---|---|
| | | **GRANTED** |

Mr. Boen seeks to exclude any reference to the Cody Franklin lawsuit as irrelevant.

The Government agrees that any reference to this lawsuit is inadmissible.

**Since the Government's position is that any references to this lawsuit are inadmissible, the Court grants the Motion. Any references to the Cody Franklin lawsuit are excluded from trial.**

| # 6(O) | Motion to Exclude References to a Shower as a Holding Room | **DENIED** |
|---|---|---|

Mr. Boen seeks to exclude any reference to using the shower room as a holding cell as irrelevant and prejudicial.

The Government opposes this motion, arguing that the shower's use as a holding room is relevant to Count Three of the Indictment and contends that the layout of the shower room is relevant to the circumstances of the assault.

**Based upon the limited facts before the Court, it appears that the shower room, its purported use as a holding area, and the layout of the shower are intrinsic to the circumstances underlying Count Three of the Indictment. The probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. Therefore, the Court denies this Motion.**

| # 6(P) | Motion to Exclude Evidence Regarding Franklin County Jail Conditions | **GRANTED IN PART, DENIED IN PART** |
|---|---|---|

Mr. Boen seeks to exclude evidence of the jail conditions as irrelevant, prejudicial, and speculative.

The Government agrees that the jail conditions are irrelevant except as necessary to understand the conduct in the Indictment.

**To the extent the Government agrees that testimony regarding jail conditions is generally irrelevant, the Court grants this Motion. Notwithstanding this ruling, the Government may elicit testimony regarding the specific jail conditions that are relevant to the alleged assaults on the victims. Mr. Boen may object at trial when he believes the Government has crossed the line.**

| # 6(Q) | Motion to Exclude Testimony by Nathan Olson | **DENIED AS MOOT** |
|---|---|---|
| Mr. Boen seeks to exclude testimony by Nathan Olson as speculation, hearsay, and irrelevant.<br><br>The Government says it does not intend to introduce testimony by or about Nathan Olson.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies this Motion as moot.** | | |
| # 6(R) | Motion to Exclude Testimony from Dakota Cowens | **DENIED AS PREMATURE** |
| Mr. Boen seeks to exclude as speculation and hearsay testimony from Officer Dakota Cowens regarding the source of Zach Greene's injuries.<br><br>The Government says that Officer Cowens will only be asked to testify about facts of which he has personal knowledge.<br><br>**The Court denies this Motion as premature. The Court will enforce the Rules of Evidence at trial. The Government must lay a Rule 602 foundation for Officer Cowens' testimony. At trial, the Court will also consider timely hearsay objections to Officer Cowens' testimony.** | | |
| # 6(S) | Motion to Exclude Testimony from Scott McKenna | **DENIED AS MOOT** |
| Mr. Boen seeks to exclude testimony from Scott McKenna as speculation, hearsay, and irrelevant.<br><br>The Government says it is unaware of such statements and does not intend to introduce them at trial.<br><br>**Since the Government does not intend to introduce such evidence, the Court denies the Motion as moot.** | | |

| # 6(T) | Motion to Exclude Testimony Regarding Mr. Boen's Misuse of Public Funds | **GRANTED IN PART, DEFERRED IN PART** |
|---|---|---|
| | Mr. Boen seeks to exclude any testimony regarding his use of county funds for personal uses or "309s" as speculation, irrelevant, hearsay, unduly prejudicial, and extrinsic character evidence.<br><br>The Government says that it does not intend to introduce such evidence in its case-in-chief, but it reserves the right to do so on cross-examination and/or rebuttal.<br><br>**Since the Government does not intend to introduce such evidence in its case-in-chief, the Court grants the Motion as to the introduction of such evidence during the Government's case-in-chief. A ruling is deferred as to such evidence's introduction during rebuttal or for impeachment purposes, and the Court will reconsider any timely objections raised by the defendant in the context of trial.** | |
| # 6(U) | Motion to Exclude Testimony Regarding Mr. Boen's Relationships in the Office | **WITHDRAWN** |
| | Mr. Boen seeks to exclude any testimony about him having relationships in the office or anywhere else as speculative, hearsay, and irrelevant.<br><br>The Government says that this objection is overbroad, as Mr. Boen's relationship with others—including those who may testify—may be relevant.<br><br>**Mr. Boen withdrew this Motion at the pretrial hearing.** | |
| # 6(V) | Motion to Exclude Testimony Regarding Ronica Young's Separation from Crawford County | **UNDISPUTED**<br>**GRANTED** |
|  | Mr. Boen seeks to exclude any testimony regarding Ronica Young's separation from Crawford County as irrelevant, speculation, and hearsay.<br><br>The Government agrees that such testimony is irrelevant and states that it does not intend to introduce such evidence.<br><br>**Since the Government agrees that such evidence would be irrelevant, the Court grants this Motion.** | |

| # 6(W) | Motion to Exclude References to Dustin Jordan's Stabbing of Zach Greene | **UNDISPUTED** |
|---|---|---|
| | | **GRANTED** |

Mr. Boen seeks to exclude testimony regarding a stabbing by Dustin Jordan of Zach Green as irrelevant, speculation, and hearsay.

The Government agrees that such testimony is irrelevant and that references to the incident should be prohibited.

**Since the Government agrees that such evidence is irrelevant, the Court grants this Motion.**

| # 6(X) | Motion to Exclude Testimony Regarding the Kidnapping of Rickey Bowman's Granddaughter | **UNDISPUTED** |
|---|---|---|
| | | **GRANTED** |

Mr. Boen seeks to exclude testimony regarding the alleged kidnapping of Rickey Bowman's granddaughter as irrelevant.

The Government agrees that such testimony is irrelevant and that references to this incident should be prohibited.

**Since the Government agrees that such evidence would be irrelevant, the Court grants this Motion.**

| # 6(Y) | Motion to Exclude Third-Party Social Media Posts | **GRANTED IN PART, DEFERRED IN PART** |
|---|---|---|

Mr. Boen seeks to exclude any third-party posts on social media as irrelevant, hearsay, speculation, and prejudicial.

The Government says that it is not aware of any relevant social media posts and does not intend to introduce any in its case-in-chief. It reserves the right to introduce such evidence for witness impeachment.

**Since the Government does not intend to introduce such evidence in its case-in-chief, the Court grants this Motion as to the introduction of such evidence during the Government's case-in-chief. A ruling is deferred as to the introduction of such evidence during rebuttal or for impeachment purposes, and the Court will reconsider timely objections made in the context of trial.**

| The Government's Motion in Limine (Doc. 55) |||
|---|---|---|
| # I(A) | Motion to Exclude Mr. Boen's Self-Serving Hearsay | **GRANTED** |
| The Government seeks to exclude self-serving portions of Mr. Boen's own admissions under Rule 801(d)(2).<br><br>Mr. Boen agrees that Rule 801(d)(2) precludes him from putting his own out-of-court statements before the jury without taking the stand.<br><br>**The Government is correct that Rule 801(d)(2) does not extend to a party's attempt to introduce his own out-of-court statements in his own favor.** *See United States v. Waters*, **194 F.3d 926, 931 (8th Cir. 1999) (holding that when a defendant offers exculpatory out-of-court statements for their truth, such statements are hearsay). Therefore, the Court grants this Motion.** |||
| # I(B) | Motion to Exclude Mr. Boen's Self-Serving Hearsay Under Rule of Completeness | **DEFERRED** |
| The Government intends to introduce recorded statements made by Mr. Boen to certain witnesses, and it argues that those statements "place the defendant's statements in their proper context and require no further explanation or clarification." Thus, according to the Government, Mr. Boen has no justification for offering other portions of the recorded statements into evidence.<br><br>Mr. Boen argues that if the Government introduces his own statements, Rule 106 allows him to introduce any other part of that same statement.<br><br>**This Motion is addressed in a separate Order that the Court will enter before trial.** |||
| # II | Motion to Exclude Any Reference to the Government's Failure to Call Witnesses Available to Both Parties | **DEFERRED UNTIL TRIAL** |
| The Government seeks a ruling to exclude any reference by Mr. Boen to the Government's failure to call witnesses who are available to both parties.<br><br>Mr. Boen objects on the basis that no Rule of Evidence bars such references and that all of the cases cited by the Government refer to jury instructions.<br><br>**The Court defers a ruling on this issue until the context is presented at trial. The parties shall not make any such arguments without first seeking the Court's permission at side bar or outside the presence of the jury.** |||

| | | |
|---|---|---|
| # III(A) | Motion to Exclude Any Character Evidence of Travis Ball Unless Related to Truthfulness | **GRANTED** |

The Government seeks to exclude any reference to purported bad acts or character by Travis Ball that are unrelated to his truthfulness.

Mr. Boen agrees that references to bad character are inadmissible, other than to show untruthfulness.

**Federal Rules of Evidence 404(a)(3), 607, and 608 apply and will be applied at trial. Accordingly, Travis Ball's character may only be attacked if he testifies and such attacks are limited to reputation or opinion testimony regarding his character for truthfulness.**

| | | |
|---|---|---|
| # III(B) | Motion to Exclude Any Extrinsic Evidence of Travis Ball's Character for Truthfulness | **GRANTED** |

The Government seeks to bar Mr. Boen from introducing extrinsic evidence—particularly disciplinary records or disciplinary history—to show untruthfulness of witness Travis Ball.

Mr. Boen says he does not intend to reference Travis Ball's disciplinary history, records, or other extrinsic evidence of his character.

**Federal Rules of Evidence 404(a)(3), 607, and 608 apply and will be applied at trial. Accordingly, extrinsic evidence of character is generally prohibited by Rule 608. A narrow exception is made for cross examination about specific instances that are probative of the witness's (or another witness's) character for truthfulness or untruthfulness.** *See* **Rule 608(b). To the extent either party wishes to go down this path, they must first approach the bench and obtain the Court's permission.**

| | | |
|---|---|---|
| # IV(A) | Motion to Exclude Any Evidence of Victims' Prior Bad Acts | **GRANTED** |

The Government seeks a ruling that 404(b) does not apply to the victims' prior convictions or other bad acts.

Mr. Boen disagrees, arguing that the victims' prior bad acts could be used to show animus towards Mr. Boen, and thus a motive, intent or opportunity.

**The Court grants this motion. Mr. Boen has failed to offer proof (much less actually prove) prior Rule 404(b) bad acts by a preponderance of the evidence.** *See United States v. Moberg*, **888 F.3d 966, 970 (8th Cir. 2018) (holding that evidence must be proven by a preponderance of the evidence before it is admissible under Rule 404(b)). Accordingly, Mr. Boen may not make any references to Rule 404(b) prior bad acts to the jury. Notwithstanding this ruling, Mr. Boen may renew this Motion outside the presence of the jury during trial.**

| # IV(B)(1) | Motion to Exclude Any Reference to Arrests or Misdemeanors That Did Not Involve Dishonesty | **GRANTED** |
|---|---|---|

The Government seeks to exclude any reference to arrests or misdemeanors that do not involve dishonesty.

Mr. Boen agrees as to arrests and misdemeanors.

**Rule 609(a)(2) governs the admission of evidence of prior convictions of misdemeanors (offenses with less than one year of imprisonment). Such convictions must involve "dishonesty or false statement" to be admissible under Rule 609(a)(2). Moreover, "[n]o where do the rules of evidence allow a witness's credibility to be attacked by evidence of a prior arrest."** *Jackson v. Crews*, **873 F.2d 1105, 1110 (8th Cir. 1989). Accordingly, the Court grants this Motion.**

| # IV(B)(2) | Motion to Exclude Facts Underlying Prior Convictions | **GRANTED** |
|---|---|---|

The Government seeks to exclude any inquiry into the facts of any prior convictions admitted under Rule 609.

Mr. Boen says that any evidence regarding past convictions will be introduced in accordance with the Rules of Evidence.

**The Court grants this Motion. The Eighth Circuit has held that "the ability to introduce the specific crime is not a license to flaunt its details . . . ; cross-examiners are limited to eliciting the name, date and disposition of the felony committed."** *Cummings v. Malone*, **995 F.2d 817, 824 (8th Cir. 1993). Therefore, to the extent a Rule 609 conviction is admissible, Mr. Boen may impeach a witness with that conviction by referencing only the name of the offense of conviction as it appears on the judgment, the date and nature of the disposition, and the jurisdiction. Mr. Boen may seek more latitude for such questioning during the context of trial.**

| # IV(C)(1) | Motion to Exclude Evidence of Victims' Character for Violence | **DEFERRED UNTIL TRIAL** |
|---|---|---|

The Government seeks to exclude any evidence of any victim's character for violence.

Mr. Boen disagrees with a "blanket prohibition" on the introduction of any pertinent character traits.

**The Court defers ruling on this issue until trial. Neither party may make references to any victim's character for violence in the presence of the jury until the Court has**

| # IV(C)(2) | Motion to Exclude Evidence of Victim's Character for Truthfulness Until They Testify | **UNDISPUTED** |
|---|---|---|
| | | **GRANTED** |

The Government seeks to exclude any evidence of a victim's truthfulness *until* the victim becomes a witness.

Mr. Boen agrees that character for truthfulness is only admissible once a witness has testified.

**Pursuant to Rule 608, the Court grants this Motion.**

| # IV(D) | Motion to Exclude Evidence of Victims' Prior Bad Acts as Unduly Prejudicial | **GRANTED** |
|---|---|---|

The Government argues that even if the victims' bad acts are otherwise admissible, such acts should be excluded under Rule 403 as unduly prejudicial.

Mr. Boen disagrees and argues that the victims' prior bad acts are not unduly prejudicial under Rule 403.

**The Court defers ruling on this issue until trial. Neither party may make references to the victims' prior bad acts in the presence of the jury until the Court has given permission. Such permission should be sought by approaching the bench or by making a request during a break outside the presence of the jury.**

| # IV(E) | Motion to Limit Any Character Evidence of Victims to Reputation and Opinion Evidence | **DEFERRED UNTIL TRIAL** |
|---|---|---|

The Government seeks a ruling that if any of the victims' prior bad acts are indicative of a pertinent character trait, Mr. Boen should still be limited to introducing reputation and opinion about those prior bad acts.

Mr. Boen says he will only introduce specific bad act evidence under Rule 404(b) and Rule 609.

**The Court defers ruling on this issue until trial. As discussed above, the Court must first determine whether evidence of the victims' character is admissible at all; once the Court has made that ruling at trial, it will then determine the proper form of such evidence.**

| # V(A) | Motion to Exclude Evidence of Mr. Boen's Good Character | **GRANTED IN PART, DENIED IN PART** |
|---|---|---|

The Government seeks a ruling that evidence of Mr. Boen's good character, such as his history as a law enforcement officer, is irrelevant.

Mr. Boen disagrees, arguing that he intends to introduce good character evidence under Rule 404(a)(2).

**Rule 404(a)(2)(A) allows a defendant to offer evidence of his pertinent trait. The Court grants the Government's Motion to the extent Mr. Boen seeks to admit evidence that he is a good person or has good character in general. But as for Mr. Boen's character for peacefulness, levelheadedness, and calm temperament, the Court finds that these character traits are pertinent. Therefore, the Court will allow Mr. Boen to admit evidence of those pertinent character traits.**

| # V(B) | Motion to Limit Evidence of Mr. Boen's Good Character to Reputation and Opinion Testimony | **GRANTED** |
|---|---|---|

The Government seeks to exclude any evidence of specific prior good acts by Mr. Boen.

Mr. Boen does not specifically respond.

**Pursuant to Rule 405, when admissible, only reputation and opinion evidence is admissible to show Boen's character or pertinent character trait. The Court therefore grants this Motion. To the extent Mr. Boen introduces evidence of his *pertinent* character traits, he is limited to reputation and opinion evidence.**

| # VI | Motion to Prohibit Any Argument that Government Must Prove "Serious" Bodily Injury | **GRANTED** |
|---|---|---|

The Government seeks a ruling that Mr. Boen must use the correct legal standard for proving "bodily injury." The Government accuses Mr. Boen of warping the standard by referring to "serious bodily injury."

Mr. Boen agrees that the correct standard is "bodily injury," not "serious bodily injury."

**This motion is granted. The applicable definition of "bodily injury" is derived from 18 U.S.C. §§ 831(f)(5), 1365(h)(4), 1515(a)(5), and 1864(d)(2), and none of these definitions includes a heightened "seriousness" standard. "Bodily injury" is defined to mean "(A) a cut, abrasion, bruise, burn or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the bodily, no matter how temporary." *See* 8th Cir. Model Crim. Jury Instr. § 6.18.242 (2018).**

In conclusion, **IT IS HEREBY ORDERED** that Mr. Boen's Motion in Limine (Doc. 54) and the Government's Omnibus Motion in Limine (Doc. 55) are **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART** as described above.

**IT IS SO ORDERED** on this 27th day of July, 2021.

                                            TIMOTHY L. BROOKS
                                            UNITED STATES DISTRICT JUDGE