IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                              CASE NO. 2:19-CR-20037-001

ANTHONY BOEN                                                          DEFENDANT

### DEFENDANT'S SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

**COMES NOW** the Defendant, Anthony Boen, by and through his attorney, Wood Law Firm, and for Defendant's Supplemental Response to Government's Motion in Limine states:

### FACTUAL AND PROCEDURAL SUMMARY

On November 20, 2019, a federal grand jury returned an indictment charging the defendant, Anthony Boen, with three counts of violating 18 U.S.C. § 242 (Deprivation of Rights) while serving as sheriff of Franklin County, Arkansas. (Indictment, Doc. 1). The charges stem from three separate incidents in 2017 and 2018 in which the defendant allegedly assaulted pretrial detainees. The Defendant has plead not guilty to all charges.

The Government and the Defendant submitted Motions in Limine and Responses to Motions in Limine. In their Motion in Limine, the Government filed a Motion To Exclude Evidence of the Victims' Bad Conduct or Character. This Motion was based on their claim that Rule 404(a) does not allow this, though they did concede that 404(a)(2) allows evidence of a pertinent character trait if it is relevant to issues before the jury. (United States' Omnibus Motion in Limine, page 15). Furthermore, the Government has argued that generally, under Rule 403, such character evidence should be excluded because "its probative value is substantially outweighed by

1

the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. (United States' Omnibus Motion in Limine, page 16).

On July 23, 2021, a Pre-Trial Hearing was conducted, during which the Court heard the parties' competing Motions in Limine. Upon completion of the Pre-Trial Hearing, there were still outstanding issues relating to prior crimes, wrongs, bad acts and character evidence which the Court requested additional briefing on. This Supplemental Response to Motion in Limine is being filed to comply with the Court request.

Specifically, there were two issues which were presented to the Court: 1.) can prior bad acts come in under Fed. Rule Evid. 404(a)(2) if they show a "pertinent trait of character" i.e. reputation for aggression, resisting arrest, and escape; and 2.) can prior crimes, wrongs or bad acts come in under 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident, and 3.) is the evidence unfairly prejudicial under 403?

## STATEMENT OF LAW

**I.     404(a) Pertinent Trait of Character (i.e. reputation for aggression, resisting arrest, and escape)**

Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except in criminal cases when it is evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused. Fed.R.Evid. 404(a)(1) & (2)(B). Under Rule 404(a)(2)(B), evidence of a victim's character trait is admissible only if it is relevant to the issues before the jury. See *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011). "When a defendant raises a self-defense claim, reputation evidence of the victim's violent character is relevant to show the victim as the proposed aggressor." See *United States v. Taken Alive*, 262 F.3d 711, 714 (8th Cir. 2001).

2

## II.   404(b)(2)- Prior Convictions, Wrongs, or Other Bad Acts of the Alleged Victims

Rule 404(b) is a "rule of inclusion," *United States v. Riepe*, 858 F.3d 552, 560 (8th Cir. 2017), that permits evidence of prior crimes, wrongs or other acts to show a victim's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Evidence of prior crimes, wrongs or bad acts of the victims are admissible under Rule 404(b)(2) to establish the defendant's state of mind and the reasonableness of the defendant's use of force. *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011), (citing *U.S. v. Bordeaux*, 570 F.3d 1041, 1049 (8th Cir. 2009).

## III.   The Objective Reasonableness Standard Applies to Use of Force

All claims that law enforcement officers have used excessive force, whether deadly or not, in the course of an arrest, investigatory stop, or other seizure are analyzed under the Fourth Amendment's objective reasonableness standard. *Nance v. Sammis*, 586 F.3d 604, 609–10 (8th Cir. 2009) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "We analyze the excessive force claims of pretrial detainees under an objective reasonableness standard. Whether the application of force is unreasonable turns on the facts and circumstances of each particular case. We must assess the actions of each officer from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Ryan v. Armstrong*, 850 F. 3d 419, 427 (8th Cir. 2017) (quoting *Kingsley*, 135 S. Ct. at 2473) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989). This is the same Constitutional standard in criminal and civil cases.

"The reasonableness of a particular use of force depends on the circumstances of each case, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade

3

arrest by flight.'" *U.S. v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011) *citing Shannon v. Koehler*, 616 F.3d 855, 862 (8th Cir. 2010), (quoting *Wertish v. Krueger*, 433 F.3d 1062, 1066 (8th Cir. 2006)).

### IV.     The Probative Value under 404(a)(2)(B) & 404(b)(2)

Unfair prejudice under the Rule "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See *United States v. Dennis*, 625 F.2d 782, 796 (8th Cir. 1980). However, "[e]vidence is not unfairly prejudicial merely because it hurts a party's case. *See Cummings v. Malone,* 995 F.2d 817, 824 (8th Cir. 1993)" *U.S. v. Emeron Taken Alive*, 262 F.3d 711, 714 (8th Cir. 2001).

## **ARGUMENT**

### V.     Admissibility of 404(a)(2)(B) & 404(b)(2) Specific Prior Crimes, Wrongs and Bad Acts Evidence for Alleged Victim J.P.

The Defendant seeks to introduce evidence of prior crimes, wrongs and bad acts of alleged victim J.P. to establish the Defendant's state of mind and reasonableness of the Defendant's use of force pursuant to *Drapeau*. The Defendant has raised the defense of justification under Arkansas law and this includes self-defense. Defendant has also included a proposed jury instruction for this defense.

The Defendant will introduce six 404(b)(2) instances:

> i.     On September 11, 2017, J.P. was booked into the Franklin County detention center. Upon arrival at the County Jail, J.P. was being argumentative and difficult. He then claimed to have a medical issue and while having his blood pressure checked, he fled, knocking down an employee of the Franklin County jail, Alicia Black, and stealing her cell phone. J.P. escaped from the detention center and was located in town. He had to be chased down by deputies and tackled, during which he resisted arrest.

4

    ii.    On that same day, he was transferred to Crawford County jail for added security. He was placed in belly chains, handcuffs and leg shackles. During his transport to Crawford County by M.B., M.B. heard "rattling and banging coming from the back of the seat." When the deputies checked, they discovered that J.P. had escaped from his belly chain and was attempting to free himself from his leg shackles. This was documented in an incident report completed by M.B., one of the government witnesses and a former Sheriff's Deputy with Franklin County.

    iii.    On September 14, 2017, J.P. was returned to Franklin County. During this return trip, during which the alleged assault occurred, Phillips was engaged in the exact same behavior, only this time it was at night and more difficult to see. Again, M.B. filled out an incident report, the admissibility of which has been stipulated to at this time. The incident report states that "Mr. Phillips began rustling around in the backseat. I heard a bang…he started hitting and kicking the partition of my patrol unit causing damage to the glass. Sheriff then stated that he was out of his cuffs."

    iv.    On September 12, 2018, J.P. was convicted of Escape in the Third Degree, a class C Felony for which he received 120 months suspended sentence.

    v.    On September 12, 2018, J.P. was charged for resisting arrest: *nolle prossed*.

## VI.    404(a)(2)(B), Reputation Evidence is Admissible

These prior bad acts under 404(a)(2)(B) should come into evidence as they show J.P.'s pertinent character trait proven by his reputation for aggression, resisting arrest and escape. It demonstrates that he will try to escape at all costs and will fight and act violently, if need be, to secure his escape.

5

## VII. 404(b)(2)- Prior Crimes, Wrongs and Bad Acts of J.P. Prove Motive, Intent, Plan, Knowledge

The above specific crimes and bad acts are admissible for the following purposes:

    i. Motive-Each of the above prior crimes and bad acts prove J.P. had a motive to escape custody and this motive was the moving course, the impulse, the desire that induced the criminal action.

    ii. Opportunity- Each of the above crimes and bad acts prove that J.P. looked for favorable or advantageous circumstances to escape. Those included times when he was transported, because he knows how to escape from cuffs and leg shackles.

    iii. Intent- Each of the above crimes and bad acts prove J.P.'s state of mind in which he sought to accomplish a given result through a course of action. Specially, he slips his cuffs, resists arrest and flees to accomplish his given result: to escape.

    iv. Plan- Each of the above crimes and bad acts prove that J.P. show that he had a method worked out in advance for achieving some objective. Specifically, J.P. had a plan to escape any opportunity that was presented.

    v. Knowledge- Each of the above crimes and bad acts prove that J.P. has the knowledge to escape from restraints, knows when to escape and knows how to escape from custody.

## VIII. Sheriff Boen had Knowledge of Some of the Prior Crimes, Wrongs, and Other Bad Acts of J.P.

Sheriff Boen specifically knew about J.P.'s escape from the Franklin County Detention Center. Sheriff Boen is the one who arranged for his transport and detention at the Crawford County Detention Center because J.P. was an escape risk and had intimate knowledge of the

6

Detention Center and Detention Center procedures from being a former Ozark police officer. Furthermore, he had knowledge that J.P. had escaped from the belly chain and was attempting to remove his leg shackles during the transport by M.B. to Crawford County Detention Center. Sheriff Boen also had knowledge of his reputation for aggression, resisting arrent and escape.

The fact that Sheriff Boen was aware of this is directly related to relevant issues that are before the jury; specifically, whether Sheriff Boen's use of force was justified in light of all knowledge and facts which the Sheriff had at the time of the alleged assault.

**IX.    The Jury is Entitled to Know What the Sheriff Knew at the Time of the Incident**

The proper standard by which a jury is to assess the use of force is the "objective reasonableness" standard.  This standard requires the jury to "assess the actions of each officer from the perspective of a reasonable officer on the scene, including what the officer knew at the time."   At the time of the alleged assault of J.P., Sheriff Boen reasonably believed J.P. was attempting to slip his cuffs as a result of his knowledge of J.P's prior escape attempts and exact same conduct of leaning forward in the seat so the Sheriff could not see his cuffs and the rattling his chains. This was the same conduct that J.P. engaged in the day before when he managed to slip out of his belly chain when he attempted to escape on September 11, 2017 from M.B. while being transported to Crawford County.

The Sheriff was also aware that J.P. escaped from the Franklin County Detention Center earlier in the day on September 11, 2017 and had to be chased down and tackled and physically restrained and detained-J.P. resisted arrest. The Sheriff also knew that J.P. was a violent, highly unpredictable and erratic meth addict who may be in withdrawals after three days in detention.

The jury must be allowed to know about the prior acts of J.P., as this is knowledge that Sheriff Boen had at the time of the alleged assault. The jury must consider this evidence to properly make a determination under the "objective reasonableness" standard. Additionally, the jury is

allowed evidence of J.P.'s bad acts after this incident with Sheriff Boen, under Rule 404(b)(2) for the reasons stated above also.

## X.   This Evidence is Not Unfairly Prejudicial to the Government

The Government has made the argument that despite the bases for admission of these facts, that the Court should exclude them as being unfairly prejudicial. To exclude this information would impermissibly deprive the Defendant from being able to present his defense and would not allow the jury to consider all knowledge that Sheriff Boen knew at the time of the alleged incidents, which is a key factor in the defense and the jury's assessment of objectively reasonable force.

The Government was aware of the criminal records and prior bad acts of these alleged victims and knew that this evidence was pertinent to an element of the offense (i.e. objectively reasonable force).  The Government knew that these prior bad acts of J.P. would have to be assessed by the jury to determine the reasonableness of the Sheriff's determination that J.P. was slipping his cuffs, whether J.P. was the aggressor when the Sheriff opened the door to check his cuffs, whether J.P. was actively resisting the Sheriff's efforts, whether J.P. was attempting to escape and whether the force used was objectively reasonable-the jury must assess all of this information to determine objective reasonableness.  The Government has to take their victims, good and bad.  As stated in the *Cummings* case, just because this information hurts the Government's case does not make it unfairly prejudicial and therefore, their request should be denied.

**THEREFORE**, the Defendant respectfully requests that the Court deny the Government's Motion in Limine as to the above issues; and all other proper relief.

**RESPECTFULLY SUBMITTED**

Russell A. Wood
Bar Number: AR#2001137; TN#23102
Attorney for: Anthony Boen
Law Firm Name: WOOD LAW FIRM, P.A
Law Firm Address: 501 East 4th St., Ste. #4
City:   Russellville, AR 72801
Phone Number: (479) 967-9663
E-mail: woodlaw@suddenlinkmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

**Brandon Carter**
**Brandon.T.Carter@usdoj.gov**

**Michael Songer**
**Michael.songer@usdoj.gov**

I hereby certify that on this 25th day of July, 2021, I presented the foregoing to the Clerk of the Court for filing using the CM/ECF system, and I mailed the documents by United States Postal Service to the following non CM/ECF participants:

None

Russell A. Wood
Bar Number: AR#2001137; TN#23102
Attorney for: Anthony Boen
Law Firm Name: WOOD LAW FIRM, P.A
Law Firm Address: 501 East 4th St., Ste. #4
City:   Russellville, AR 72801
Phone Number: (479) 967-9663
E-mail: woodlaw@suddenlinkmail.com