**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                                   **CASE NO. 2:19-CR-20037-001**

**ANTHONY BOEN**                                                **DEFENDANT**

---

**ANTHONY BOEN'S MOTION FOR JUDGMENT OF ACQUITTAL**
**OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

---

**COMES NOW** the Defendant, Anthony Boen, by and through his attorney, Russell Wood of Wood Law Firm, and respectfully moves the Court to enter an Order for a Judgment of Acquittal on all Counts, pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial on all Counts, pursuant to Federal Rule of Criminal Procedure 33.

**BACKGROUND**

On November 20, 2019, a Federal Grand Jury seated in the Western District of Arkansas returned an Indictment of the Defendant for three counts of Title 18 U.S.C. § 242, Deprivation of Rights Under Color of Law.

Count one (1) of the Indictment alleges, as follows: On or about September 14, 2017, in the Western District of Arkansas, the defendant, ANTHONY BOEN, was the Sheriff of Franklin County, Arkansas, and while acting under color of law, willfully deprived J.P., a person known to the Grand Jury, of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to be free from the use of unreasonable force. Specifically, while transporting J.P. to the Franklin County Jail with an FCSO deputy, ANTHONY BOEN punched J.P. multiple times in the

head and body while J.P. was handcuffed and shackled in the back of a patrol vehicle and was not resisting. The offense resulted in bodily injury to J.P..

Count two (2) of the Indictment alleges as follows:  On or about November 21, 2018, in the Western District of Arkansas, the defendant, ANTHONY BOEN, was the Sheriff of Franklin County, Arkansas, and while acting under color of law, willfully deprived B.E., a person known to the Grand Jury, of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to be free from the use of unreasonable force. Specifically, ANTHONY BOEN ordered B.E. brought to the detectives' office, pushed B.E. onto the floor, and grabbed B.E.'s hair or beard. The offense resulted in bodily injury to B.E..

Count three (3) of the Indictment alleges as follows: On or about December 3, 2018, in the Western District of Arkansas, the defendant, ANTHONY BOEN, was the Sheriff of Franklin County, Arkansas, and while acting under color of law, willfully deprived Z.G., a person known to the Grand Jury, of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to be free from the use of unreasonable force. Specifically, ANTHONY BOEN struck Z.G. multiple times in the head while Z.G. was shackled to a bench in the Franklin County Jail and was not resisting. The offense resulted in bodily injury to Z.G..

The case proceeded to trial, and a jury found Sheriff Boen guilty of Counts Two and Three (violation of Section 242). The jury found Sheriff Boen not guilty of Count One.

## ARGUMENT

"If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). In reviewing a Motion for Judgment of Acquittal, the Court "appl[ies] the same standard of review to the district court's ruling on a motion for judgment of

acquittal as [they] do to a sufficiency of the evidence challenge." *United States v. Smith*, 720 F.3d 1017 (8th Cir. 2013), citing *United States v. Clark*, 668 F.3d 568, 573 (8th Cir.2012). "[The Court] must affirm a jury verdict if, taking all facts in the light most favorable to the verdict, a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt." *Id.*

The Court should "review challenges to the sufficiency of the evidence de novo." *United States v. Peterson*, 887 F.3d 343 (8th Cir. 2018), citing *United States v. Spight*, 817 F.3d 1099, 1102 (8th Cir. 2016). "In doing so, 'we view the facts in the light most favorable to the verdict, and affirm if any rational [factfinder] could have found the defendant guilty beyond a reasonable doubt.' *Id.* We also do "not pass upon the credibility of witnesses or the weight to be given their testimony because [c]redibility determinations are uniquely within the province of the trier of fact, and are entitled to special deference." *Id.*

Here, the verdict must be set aside because the verdict is not supported by evidence of Sheriff Boen's guilt beyond a reasonable doubt as to Counts Two and Three.

Alternatively, "[u]pon the defendant's motion, the court may vacate [the] judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  A defendant is entitled to a new trial when "the evidence weighs heavily enough against the verdict that a miscarriage of justice *may* have occurred." *United States v. Meeks*, 742 F.3d 838 (8th Cir. 2014) citing *United States v. Placensia*, 352 F.3d 1157, 1162 (8th Cir.2003) (internal quotation marks and citation omitted).

Assuming *arguendo* that sufficient evidence existed to support Sheriff Boen's conviction, the Court should nonetheless set aside the verdict and grant a new trial because it was against the cumulative weight of the evidence.

## I.   THE GOVERNMENT DID NOT PRESENT SUFFICIENT EVIDENCE TO CONVICT SHERIFF BOEN OF ANY COUNTS OF THE INDICTMENT BEYOND A REASONABLE DOUBT.

To establish that a defendant violated 18 U.S.C. 242, the Government must prove beyond a reasonable doubt that the Defendant "acted (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States." *United States v. Peterson*, 887 F.3d 343 (8th Cir. 2018), citing *United States v. Lanier*, 520 U.S. 259, 264, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Where "bodily injury results from the acts committed in violation of" Section 242, the offense is a felony punishable by up to ten years' imprisonment. 18 U.S.C. 242.

The Court should also enter a judgment of acquittal because, even taken in the light most favorable to the verdict, there was insufficient evidence at trial to establish beyond a reasonable doubt that Sheriff Boen committed any of the acts alleged in Counts Two and Three of the Indictment. To be sure, the Government presented a number of witnesses. However, the actual substance of the witnesses' testimony can be boiled down to the following categories: (1) some witnesses claimed to have heard something but saw nothing; (2) some Government witnesses claimed to be present while other Government witnesses contradicted that testimony; (3) the Government witnesses who claimed to be present had conflicting testimony as to what actually occurred; and (4) there was no evidence presented that Sheriff Boen caused any injury, nor did the Government present any documentary evidence establishing such injury.  And Greene did not testify that he was hit, injured or sustained any pain.

It is a long established "general rule that a verdict cannot be based on evidence which cannot possibly be true, is inherently, unbelievable, or is opposed to natural laws. 32 C.J.S., Evidence § 1042, pp. 1125-1126; 20 Am.Jur., Evidence § 1183, pp. 1033-1034. Where undisputed physical facts are entirely inconsistent with and opposed to testimony necessary to make a case for

the plaintiff, the physical facts must control. No jury can be allowed to return a verdict based upon oral testimony which is flatly opposed to physical facts, the existence of which is incontrovertibly established."  *Wood v. United States*, 342 F.2d 708 (8th Cir. 1965), citing *Stolte v. Larkin*, 110 F.2d 226, 229 (8th Cir. 1940).

>    A. **The Government did not present sufficient evidence to show that Sheriff Boen acted willfully to deprive Zachary Greene of a right by using excessive force.**

The Government and the Defendant had multiple witnesses to this event.  The testimony of each of the "alleged" witnesses were contradictory and simply cannot be believed due to the conflicting testimony of the "alleged" witnesses and the physical impossibility of the actions that were alleged to have been taken by Sheriff Boen. There are only two witnesses who claimed to have actually witnessed the alleged assault. Those two witnesses were Travis Ball and Dalton Miller and their testimony doesn't put either of them there to have witnessed an assault.  Each says the other wasn't there.

The first alleged witness to the event was Travis Ball, who claimed that he was present to witness the incident.  He stated that the only parties present were him, Sheriff Boen, Zachary Greene and Chris Roberson.  The testimony of Dalton Miller, and a separate defense witness, Marshall Elmore, contradict this testimony.  Dalton Miller never claimed to have seen Travis Ball and Marshall Elmore stated that Travis Ball was with him, in the kitchen during the alleged assault. Marshall Elmore also testified that Travis Ball was intoxicated that night while at the Franklin County Detention Center.

Dakota Cowans, a Government witness, testified that he looked at the video camera and the only people he observed were Sheriff Boen and Chris Roberson.  He did not see Travis Ball because he was in the kitchen talking to Marshall Elmore.  Dakota Cowans did not witness any alleged assault.

Even assuming that Travis Ball's testimony was believable, he specifically stated that Zachary Greene was lying on the floor of the cell with his head up propped un on the back wall of the cell. Travis Ball specifically stated that Sheriff Boen never stepped foot inside the room, yet still assaulted Greene in the face. It would be physically impossible for Sheriff Boen to reach Zachary Greene's face at the back of the cell, while he was lying down, without physically entering the cell. This fact was confirmed by the Government's witness, Dakota Cowans. (See **Exhibit A**, Defendant's Trial Exhibit 5(h), Photograph -F.C. Jail shower room interior.)

When Dalton Miller testified, he stated that he was the only party present to witness the alleged assault on Greene. He did not state that Travis Ball or Chris Roberson was present. This directly contradicts the testimony of Travis Ball. Scout Ingram, a defense witness, testified that she never saw Dalton Miller at the Franklin County Detention Center, despite his claim that he was there and that he spoke to her.

Dalton Miller also testified that Greene was lying down with his head against the back wall and that Sheriff Boen did not enter the cell. On this point, his testimony was consistent with Travis Ball. He did testify that it could be possible for someone to reach the back wall if someone had extremely long arms; however, this is simply a physical impossibility based on the depth of the room and attempting to reach someone lying on the floor. This does not establish, beyond a reasonable doubt, that Sheriff Boen could have, much less actually did, make any physical contact with Zachary Greene.

Taken in the light most favorable to the verdict, this evidence establishes only that Sheriff Boen stood outside of the cell of Zachary Greene, a fact which the Defendant has never denied. The evidence put on by witnesses make it a physical impossibility for the Sheriff to have hit Zacahry Greene since Sheriff Boen never entered his cell. As such, this verdict could only have

6

been rendered if the jury ignored physical facts.  The Government does not establish, beyond a reasonable doubt, that Sheriff Boen acted willfully to deprive Zachary Greene of his rights.

**B. The Government did not present sufficient evidence to show that Sheriff Boen caused bodily injury to Zachary Greene.**

There was no evidence that Sheriff Boen caused any bodily injuries to Zachary Greene. The testimony from witnesses from both the Government and the defense witnesses made clear that Zachary Greene was involved in an altercation with another inmate prior to the Sheriff's arrival at the Franklin County Detention Center.  This was not a matter in dispute.  Photographs of Zachary Greene's injuries from this altercation were taken prior to the arrival of the Sheriff, again, a fact which is not in dispute.  (See **Exhibit B**, Defendant's Trial Exhibit 6- Photos of Zachary Greene taken by FCSO. 12.3.18)

Zachary Greene was not called by the Government and he submitted no evidence that he received any bodily injury whatsoever from Sheriff Boen, much less that he was assaulted.  Again, the only mention of this was the leading questions from the Government attorneys and the Government's closing arguments – none of which should have been treated as evidence by the jury but obviously was treated as evidence.  Contrary to the allegations made by the Government, there was testimony from witnesses on both sides regarding the lack of injuries to Zachary Greene from any encounter with Sheriff Boen.

Ronica Young, who was the nurse for the detention center, testified that she was familiar with Zachary Greene and saw him weekly at sick calls.  She further testified that she saw Zachary Greene two days after the alleged assault and that she did not observe any injuries which differed in any way from those shown in the photographs which were taken prior to Sheriff Boen's arrival.

Dakota Cowans, a Government witness, testified that he broke up the fight between the inmates and he observed the injuries to Zachary Greene, from that fight, first hand.  He stated that when he did his rounds after the Sheriff left, he observed no additional injures to Zachary Greene,

which were not present prior to Sheriff Boen's arrival. There was not one single witness who stated that Sheriff Boen caused *any* injury to Zachary Greene.

The Government continually referred to Zachary Greene being shackled to a bench. This was an issue which was raised in the Defendant's Motion in Limine and the Court overruled the Defendant's objection to the Government introducing these facts. The Government's purpose in introducing this evidence was to inflame the jury and the Defendant was prevented from introducing evidence of why he was in the "shower room" chained to a bench and why the inadequacies of the jail mandated he be housed in the "shower room". Furthermore, despite a limiting instruction, this fact was exploited time and again by the Government's attorneys in the case in chief and in their closing. This caused the jury to be inflamed and to ignore the plain facts presented by the testimony and photographs.

Finally, both the Government attorneys and Travis Ball claimed that Zachary Greene was punched in the face multiple times and the Government repeatedly stated "bashed him in the face" and even suggested it was on more than one occasion, despite there being no evidence to support that. This means that he would have been punched in the face somewhere between five and fifteen times. This is yet another physical impossibility as it relates to injuries. If Sheriff Boen had indeed punched Zachary Greene in the face time and again, there would be noticeable injuries. Despite this allegation, the Government present no witnesses and no objective evidence which would support their claims. In fact, witnesses directly refuted this, stating that they saw no additional injuries on Zachary Greene. If a person was punched in the face over and over, there would be some evidence of an assault; to allege otherwise simply stretches credulity.

Taken in the light most favorable to the verdict, this evidence does not establish that Sheriff Boen caused any bodily injury to Zachary Greene. The testimony was consistent that no one witnessed any injuries to Zachary Greene after Sheriff Boen arrived. The Government asked the

jury to assume that Zachary Greene felt pain, and hence received bodily injury. However, Zachary Greene did not testify that he felt any pain, received any injuries or even that an assault occurred. It does not establish, beyond a reasonable doubt, that Sheriff Boen caused bodily injury to Zachary Greene.

### C. The Government did not present sufficient evidence to show that Sheriff Boen acted willfully to deprive Brandon English of a right by using excessive force.

The Government had three witnesses in regard to this count; Kevin Hutchinson and Travis Ball, both former Sheriff Deputies, and Brandon English, the alleged victim. The testimony given by each of the three parties was contradictory. Travis Ball specifically testified that he was behind a desk and could not actually see anything, aside from Sheriff Boen grabbing Brandon English's shirt and the parties going to the floor. He did not testify as to any bodily contact otherwise, as he could not see. Kevin Hutchison also testified that Boen grabbed Brandon English's shirt before he flipped over. Kevin Hutchison testified that either Brandon English pulled back and fell over on his force or that Sheriff Boen could have pushed him to the ground. He was not entirely sure which actually happened. So, there is a 50/50 chance according to the Government's best witness that English caused the chair to fall over, not Sheriff Boen.

Both Hutchison and Ball agreed that Brandon English was still seated in the chair while on the floor. Brandon English testified in contradiction of both of these witnesses by stating that he was slammed to the ground by Boen and was not seated in the chair. He also testified that he got up under his own power, which directly contradicted the testimony of Ball and Hutchison, who stated that Sheriff Boen picked up Brandon English and righted the chair.

Taken in the light most favorable to the verdict, this evidence establishes only that Brandon English fell over in his chair or at worst that the actions of Sheriff Boen inadvertently caused the chair to fall backwards. In either event, this does not show that Sheriff Boen acted willfully to deprive Brandon English of any right. It was the Government's burden of proof to show beyond

9

a reasonable doubt that Sheriff Boen acted willfully in using excessive force.  Under either of the two possible scenarios, the willful element cannot be met.   The testimony was entirely contradictory and could not possibly establish the facts of what actually occurred.  It does not establish, beyond a reasonable doubt, that Sheriff Boen acted willfully to deprive Brandon English of his rights.

> **D.  The Government did not present sufficient evidence to show that Sheriff Boen caused bodily injury to Brandon English.**

There was no evidence that Sheriff Boen caused any bodily injuries to Brandon English. The testimony regarding injury was almost entirely from Government attorneys, not from witnesses.  Brandon English did testify that he was slammed to the floor, but again, this testimony directly contradicts the testimony of the other Government witnesses.

Travis Ball had no testimony regarding injuries as he admitted the he was behind a desk and could not see what happened after English fell to the floor.  Kevin Hutchison stated that he saw Sheriff Boen pull Brandon English's hair and English testified to the same.  However, the Government presented no documentary evidence to support that claim.  Furthermore, the only objective evidence presented was a photograph from days later, after he was released from jail that purported to show a bruise on English's chest, however, that claim was not supported by testimony which would explain a bruise on his chest.

Despite being in the Franklin County Detention Center for several more days after the alleged assault, Brandon English never asked to see a nurse, never made a complaint and never exhibited any injuries.  The only "evidence" of any alleged injury was the self-serving testimony of Brandon English. All other allegations of physical injury came from the leading questions of the Government and its closing arguments – again, this is not evidence but the jury obviously treated it as evidence.

Taken in the light most favorable to the verdict, this evidence does not establish that Sheriff Boen actually caused any bodily injury to Brandon English. The testimony was entirely contradictory and could not possibly establish the facts of what actually occurred.  It does not establish, beyond a reasonable doubt, that Sheriff Boen caused any bodily injury to Brandon English.

## CONCLUSION

For the foregoing reasons, Sheriff Boen respectfully requests the Court grant his Motion and enter a judgment of acquittal on all counts. In the alternative, Sheriff Boen requests the Court order a new trial on Counts Two and Three.

**RESPECTFULLY SUBMITTED**

Russell A. Wood
Bar Number: AR#2001137; TN#23102
Attorney for: Anthony Boen
Law Firm Name: WOOD LAW FIRM, P.A
Law Firm Address:  501 East 4th St., Ste. #4
City:   Russellville, AR 72801
Phone Number: (479) 967-9663
E-mail: RWood@WoodLawFirmPA.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

**Brandon Carter**
**Brandon.T.Carter@usdoj.gov**

**Michael Songer**
**Michael.songer@usdoj.gov**

> Russell A. Wood
> Bar Number: AR#2001137; TN#23102
> Attorney for: Anthony Boen
> Law Firm Name: WOOD LAW FIRM, P.A
> Law Firm Address:  501 East 4th St., Ste. #4
> City:   Russellville, AR 72801
> Phone Number: (479) 967-9663
> E-mail: RWood@WoodLawFirmPA.com